117 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vilma Estela RECINOS-FLORES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70911, INS No. Arl-ewo-oof.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Filed June 24, 1997.
 
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 On Petition for Review of an Order of the Board of
 
 
 3
 Immigration Appeals Submitted June 17, 1997* *
 
 
 4
 Vilma Estela Recinos-Flores, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal of an immigration judge's ("IJ") order denying her application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). Recinos contends that the BIA erred by denying her application for asylum and withholding of deportation despite evidence supporting an inference that she was persecuted on account of political opinion. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 5
 Before the BIA, Recinos claimed that she was persecuted by the military because she was mistaken for a guerrilla, and that she was persecuted by the guerrillas because she refused to join them. Recinos concedes that substantial evidence supported the BIA's determination that she was not persecuted by the military on account of political opinion. Recinos now contends for the first time that she was persecuted by the guerrillas based in part on political opinions imputed to her because of her family.[1]
 
 
 6
 Because Recinos did not argue before the BIA that she was persecuted by the guerrillas in part because of her family affiliations, she failed to exhaust her administrative remedies. See Vargas v. United States Dep't of Immigration, 831 F.2d 906, 907-08 (9th Cir.1987). Accordingly, we lack jurisdiction to consider that issue on appeal. See id.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Recinos must present some evidence that the guerrillas' intent to harm her for resisting recruitment was motivated at least in part by a desire to punish her on account of her political opinion, whether actual or imputed. See INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992). Recinos relies on three factors to show imputed political opinion: (1) her father was employed by the government as a customs officer for 30-40 years, (2) the guerrillas extorted "taxes" from Recinos' mother who ran a small business, and (3) two of Recinos' cousins were allegedly kidnapped and killed by guerrillas for refusing to join their ranks